IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WALTER COLUMBUS SIMMONS,         )
                                 )
            Plaintiff,           )
                                 )
    v.                           )     1:13CV1117
                                 )
GRAHAM ATKINSON, et al.,         )
                                 )
            Defendant(s).        )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff states in the Complaint that he did not fully exhaust available administrative remedies. Exhaustion is required before Plaintiff may bring this action. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001). The failure to exhaust is clear from the face of the Complaint, and Plaintiff had an opportunity to address the issue on the form itself and explain why he has not exhausted his available remedies. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Plaintiff gives no reason for failing to exhaust his administrative remedies.

2. Plaintiff a pretrial detainee in the Surry County Detention Center, sets out only conclusory statements that federal, state, and local laws and regulations are being broken because Defendants do not provide sufficient warmth, fresh air, and exercise. State and local laws and regulations would not provide Plaintiff with a cause of action under § 1983. As to federal law violations, Plaintiff's claims are entirely conclusory. He set out no facts to support his bare allegations.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. Plaintiff has now tried multiple times to state this claim or similar claims, all without success due to a lack of sufficient factual allegations. It appears that it may well be the case that no such facts exist. However, if Plaintiff believes that he can set out sufficient facts to state a claim for relief, he may, after he completely exhausts any administrative remedies, request the proper forms for filing a § 1983 action from the Clerk's Office.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 14th day of January, 2014.

Joe L. Webster
United States Magistrate Judge